## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 16-60965-CIV-ALTONAGA/O'Sullivan

**ALVARO CHAPARRO**, *et al.*,

      Plaintiffs,

v.

**NATION STAR**
**MORTGAGE LLC**,

      Defendant.

_____/

### <u>ORDER</u>

**THIS CAUSE** came before the Court *sua sponte*.  On May 3, 2016, Plaintiffs, Alvaro

Chaparro, Sylvia Campbell Jairo Prieto, Oscar Navia, Rolando Solla, Gerlin Yolani Murillo,

Angela Molina, and Rubiela Jaramillo (collectively, "Plaintiffs") filed a Complaint [ECF No. 1].

Plaintiffs, each proceeding *pro se*, bring multiple claims against Defendant, Nation Star

Mortgage LLC ("Nation Star") arising out of Nation Star's handling of loan modification

packages relating to their homes.  (*See generally* Compl.).  After review, the Court concludes the

Complaint should be dismissed.

      Under Federal Rule of Civil Procedure 21, "district courts may sever any claim against

any party and proceed with it separately, or drop a party from the action with leave to re-file

separately in a manner which avoids substantial prejudice (e.g., *nunc pro tunc* to the original

filing date)."  *Alhassid v. Bank of Am., N.A.*, 60 F. Supp. 3d 1302, 1326 (S.D. Fla. 2014)

(citations omitted).  The "court has broad discretion to sever parties based on misjoinder."  *Id.*

(citation omitted).  "Because Rule 21 does not provide a standard for misjoinder, courts look to

CASE NO. 16-60965-CIV-ALTONAGA/O'Sullivan

Rule 20, which governs joinder, for guidance on severance." *Id.* (citations omitted).  The Court has the power to sever a party *sua sponte*.  *See* FED. R. CIV. P. 21.

"Persons may join in one action as plaintiffs if: (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action." *Id.* 20(a)(1).

Plaintiffs' Complaint describes eight individuals who have applied for loan modifications with Nation Star.  (*See* Compl. 8–12).  Each individual allegedly entered into a loan modification agreement with Nation Star at different times.  (*Compare id.* 8, *with id.* 11).  Some individuals have had their homes sold through foreclosure proceedings while others are still in possession.  (*Compare id.* 10, *with id.* 12).  Plaintiffs do not allege they entered into a single contract with Nation Star, but rather each individual entered into his or her own independent agreement.  (*See id.* 8–12).

Plaintiffs do not meet the requirements of Rule 20(a).  They do not seek relief jointly or severally.  Each seeks, for instance, specific performance of his or her own loan modification agreement — that is, each plaintiff wants Nation Star to modify his or her individual loan.  (*See id.* 24–25).  Moreover, relief under each of the remaining counts would depend on each Plaintiff's individual situations, such as his or her ability to qualify for the loan modification and Nation Star's reasons for not granting a modification.  *See Hofmann v. EMI Resorts, Inc.*, No. 09-20526-CIV, 2010 WL 9034908, at *2 (S.D. Fla. July 21, 2010) ("[I]t is clear that different witnesses and documentary proof would be required for Plaintiffs' claims and that severance is therefore warranted." (internal quotation marks and citation omitted; alteration added)).  There is

nothing in the Complaint to suggest Nation Star would be liable to any of the Plaintiffs jointly or severally.

Nor is there any indication the events underlying the Complaint spring from the same transaction or occurrence or series of transactions or occcurrences.  In fact, the Complaint demonstrates each Plantiff's situation is independent of the others'.  (*See* Compl. 8–12).  The Complaint describes, in varying detail, how each individual submitted a loan modification package, the foreclosure proceedings related to his or her home, and the various interactions he or she has had with Nation Star.  (*See id.*).  These appear to be discrete, unrelated grievances between different individual homeowners and Nation Star.  The fact each of the Plaintiffs allegedly entered into a loan modification agreement with Nation Star at some point in the last two-and-a-half years in no way demonstrates the claims arise from the same series of transactions or occurrences.  *See Hofmann*, 2010 WL 9034908, at *2; *Ravin v. Hockman*, No. 06-22492-CIV, 2007 WL 29248, at *2–4 (S.D. Fla. Jan. 3, 2007).  Therefore, each of the Plaintiffs will be severed, and this action may proceed with only one plaintiff.[1]

Additionally, Federal Rule of Civil Procedure 10(b) requires the averments of a claim to be made in "numbered paragraphs, each limited as far as practicable to a single set of circumstances. . . . If doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count."  FED. R. CIV. P. 10(b) (alterations added).  The Court has the "inherent authority to control its docket and ensure the prompt resolution of lawsuits, which in some circumstances includes the power to dismiss a

---

[1] Furthermore, because the Court is severing the Plaintiffs a mere three days after they filed the Complaint, there is little to no prejudice, delay, or fundamental unfairness.  *See Hofmann*, 2010 WL 9034908, at *1.  Since the claims are not interrelated, but rather emanate from independent transactions and ocurrences, there would be little to no judicial economy in continuing the case as a single action.  *See id.*  Finally, as noted, each of the individual Plaintiffs would likely require different witnesses and documentary proof.  *See id.*

CASE NO. 16-60965-CIV-ALTONAGA/O'Sullivan

complaint for failure to comply with Rule 8(a)(2) and Rule 10(b)" of the Federal Rules of Civil Procedure. *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015).

"Complaints that violate either Rule 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as 'shotgun pleadings.'" *Id.* The Eleventh Circuit has "instructed district courts to prohibit, as fatally defective, shotgun pleadings." *B.L.E. ex rel. Jefferson v. Georgia*, 335 F. App'x 962, 963 (11th Cir. 2009).

Plaintiffs' Complaint contains some numbered paragraphs but is inconsistent, making it difficult for the Court to understand what exactly is incorporated into each of the Complaint's counts. (*See generally* Compl.). For instance, it is unclear whether paragraph four continues for six pages or if pages eight through twelve are supposed to be additional, separate (and unnumbered) paragraphs. (*See id.* 7–12). To the extent pages eight through twelve are separate, unnumbered paragraphs, they are apparently not incorporated into the counts. (*See, e.g.*, *id.* 24 ("Plaintiffs incorporate and reallege paragraph [sic] 1 through 14 of their complaint.")). Alternatively, to the extent those pages represent a continuation of paragraph four, they are not the kind of short and plain statement required by Federal Rule of Civil Procedure 8(a)(2). Similar problems abound throughout the Complaint. (*See, e.g.*, *id.* 4–5, 19–21). Even under the relaxed pleading standard afforded to *pro se* litigants, *see Abele v. Tolbert*, 130 F. App'x 342, 343 (11th Cir. 2005), Plaintiffs' Complaint falls well short of the applicable rules and standards. Should Plaintiffs decide to replead, the amended complaint should contain short plain statements, with each paragraph throughout the amended complaint individually numbered.[2]

For the foregoing reasons, it is

---

[2] The Court also notes to the extent Plaintiffs allege the First Cause of Action and Second Cause of Action on violations of the Home Afforable Modification Program ("HAMP") (*see* Compl. 24–26), there is no private right of action for HAMP violations. *See Miller v. Chase Home Fin., LLC*, 677 F.3d 1113, 1116 (11th Cir. 2012).

CASE NO. 16-60965-CIV-ALTONAGA/O'Sullivan

**ORDERED AND ADJUDGED** that Plaintiffs' Complaint [**ECF No. 1**] is **DISMISSED**

**without prejudice**.  Because this action may only proceed with one Plaintiff, Plaintiffs should

designate one among them to proceed in this action by filing an amended complaint by **May 23,**

**2016** in the name of that designated Plaintiff.  All other Plaintiffs will be dismissed without

prejudice from this action to refile their claims by **May 31, 2016** as individual cases *nunc pro*

*tunc* to the filing date of this action.

**DONE AND ORDERED** in Miami, Florida, this 9th day of May, 2016.

_____

**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc:      Plaintiffs, *pro se*